**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**COURT FILE NO.: ________________**

Teresa Stewart,
Plaintiff

v.

NCO Financial Systems, Inc.,
Defendants

---

## COMPLAINT AND JURY DEMAND

---

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Teresa Stewart ("Plaintiff"), is a natural person who at all relevant times resided in the State of Colorado, County of Kit Carson, and City of Aurora.

5. Plaintiff is a “consumer” as defined by 15 U.S.C. § 1692a(3).

6. Defendant, NCO Financial System, Inc. (“Defendant”), is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a “debt” from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a “debt collector” as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In or around 2007, an action was filed against Plaintiff for a debt allegedly owed by her to American Express Centurion Bank (hereinafter referred to as “the Debt”).

12. Thereafter, Plaintiff entered into a Stipulation to Judgment and made payment arrangements to pay the Debt.

13. Plaintiff dutifully made the payments in accordance with the terms of said Stipulation.

14. In or around December of 2009, Plaintiff made the final payment on the Debt in accordance with the terms of the aforementioned Stipulation.

15. Counsel for American Express confirmed to Plaintiff that the Debt was paid in full and that the account was closed.

16. Subsequently, on May 27, 2010, Defendant sent a written communication to Plaintiff in an effort to collect the Debt that had previously been paid in full.

17. Said written communication demanded that payment arrangements be made by Plaintiff to satisfy the Debt or Defendant would forward the account to an attorney to determine whether or not to execute the judgment that American Express had previously obtained against Plaintiff.

18. The front side of said written communication stated: "Please See Important Information on Reverse Side."

19. The "reverse side" of said written communication contained statutorily required notices under the FDCPA.

20. The notice to see "Reverse Side" was as follows:

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector. PLEASE SEE IMPORTANT INFORMATION ON REVERSE SIDE

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

21. This notice to see "Reverse Side" was strategically hidden, obfuscated and overshadowed by the size, placement and content of the language surrounding the notice to see "Reverse Side," thus failing to meaningfully and effectively convey such required

notices.

22. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

**COUNT I**

23. Plaintiff repeats and re-alleges each and every allegation contained above.

24. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

(a) Falsely representing the character, amount, or legal status of Plaintiff's debt, in violation of 15 USC § 1692e(2)(A);

(b) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, in violation of 15 USC § 1692e(5);

(c) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, in violation of 15 U.S.C. § 1692e(10); and

(d) Overshadowing the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period, in violation of 15 U.S.C. § 1692g(b).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.

**Respectfully submitted,**

**August 17, 2010**

**/s/ Craig Ehrlich**
**Craig Ehrlich**
**Weisberg & Meyers LLC**
**5025 N. Central Ave., #602**
**Phoenix, AZ 85012**
**Telephone: (602) 445 9819**
**Facsimile: (866) 565 1327**
**Email: CEhrlic@AttorneysForConsumers.com**